**Derrick EILAND, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 52116.

Missouri Court of Appeals,
Eastern District,
Division One.

July 14, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 18, 1987.

Application to Transfer Denied
Oct. 13, 1987.

---

Elizabeth R. Brown, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant had been sentenced to fifteen years' imprisonment after having pled guilty to second degree murder. We affirm.

Movant claims his guilty plea was involuntary because his trial attorney had not prepared an adequate defense and movant felt compelled to plea bargain. Specifically, movant alleges his trial attorney had not contacted four alibi witnesses, had not found an eyewitness to the crime, and would not use another eyewitness.

Movant's trial attorney testified his investigator had contacted the four alibi witnesses, and he was prepared to call them if the case went to trial. He further testified both he and the prosecutor were searching for the missing eyewitness, and neither of them were able to find him. Finally, he testified he felt the eyewitness movant wanted to testify would hurt movant's case.

This eyewitness originally gave a statement to police naming movant as the perpetrator. This eyewitness, who was in the same prison as movant, changed his story to say he never saw the perpetrator and never gave movant's name to the police. Moreover, his version of the crime conflicted with physical evidence. Movant's trial attorney testified he believed the jury would believe the original version and this would bolster the evidence of the State's eyewitness.

We cannot say the Rule 27.26 court was clearly erroneous, Rule 27.26(j), in believing movant's trial attorney instead of movant concerning his contacting the alibi witnesses. Movant failed to show the missing eyewitness could have been found or that his testimony would have helped movant. Finally the decision not to call the eyewitness who changed his story was a matter of trial strategy. *Laws v. State*, 708 S.W.2d 182, 187 [11] (Mo.App.1986). Movant's trial attorney did not act unreasonably in refusing to call this witness.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.